IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR ASSET BACKED | § | |
| SECURITIES CORPORATION HOME | § | |
| EQUITY TRUST, SERIES 2005-HE2, | § | |
| ASSET BACKED PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2005-HE2, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00152 |
| | § | |
| SHEILA A. LABOVE. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff U.S. Bank, National Association, as Trustee for Asset Backed Securities Corporation Home Equity Trust, Series 2005-HE2, Asset Backed Pass-Through Certificates, Series 2005-HE2 ("Plaintiff or "U.S. Bank") complaining of Sheila A. LaBove files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Hillery LaBove ("Decedent") was a borrower under the loan agreement described below. Decedent passed away on or about April 4, 2006. Upon information and belief, no probate is open in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of

Decedent's respective estates, including an undivided interest in the Property, immediately upon their respective deaths. Each Heir is made a party in this proceeding.

4. Defendant Sheila A. LaBove is a co-borrower under the subject loan agreement described below. Sheila A. LaBove, may be served with process at 330 Delores Street, Beaumont, Texas 77662, or at any other place where she may be found. Summons is requested.

## II.   PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 2377 Ashley Street, Beaumont, Texas 77702 and more particularly described as follows:

> LOT NO. TWELVE AND THE WEST TWENTY-FIVE FEET OF LOT NO. ELEVEN (12 & WEST 25 FEET OF 11), IN BLOCK NO. SIXTEEN (16), OF AVERILL ADDITION TO THE CITY OF BEAUMONT, JEFFERSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 1, PAGES 131 AND 132, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF SAID COUNTY AND STATE..

(The "Property").

## III.   DIVERSITY JURISDICTION AND VENUE

6. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

7. Plaintiff is a trustee of a mortgage-securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its

main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Minnesota for diversity purposes.

8. Defendant is an individual and citizen of the state of Texas.

9. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Jefferson County Appraisal District values the Property at $146,533.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

12. Venue is proper in the Eastern District of Texas, Beaumont Division, because this suit concerns title to real property located in Jefferson County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.    FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about December, 2004, Decedent and Defendant executed a *Texas Home Equity Note (Fixed Rate – Fixed Lien)* in the principal amount of $88,000.00 ("Note"), originally payable to New Century Mortgage Corporation ("New Century") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

15. Concurrently with the execution of the Note, Decedent and Defendant ("Borrowers") executed a Deed of Trust, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting New Century, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Jefferson County, Texas, as Document No. 2005000565, on January 5, 2005. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

16. Subsequently, New Century transferred and assigned the Loan Agreement to Plaintiff. The Corporate Assignment of Deed of Trust was recorded in the official public records of Jefferson County, Texas, on February 4, 2022. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit C**.

17. Plaintiff is the current legal owner and holder of Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

18. On or about April 4, 2006, Decedent passed away. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas Estates Code §§ 101.001(b)

and 101.051, his heirs acquired all of his interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff.

19. Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

20. The Loan Agreement further provides that should they fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

21. The Loan Agreement is currently due for the January 1, 2020 payment and all subsequent monthly payments. On December 3, 2021, a Notice of Default was sent via certified mail to the Borrowers in accordance with the Loan Agreement and the Texas Property Code. In that Notice of Default, Borrowers were informed that they were in default and the debt would be accelerated if the default was not cured within thirty (30) days. True and correct copies of the Notices of Default are attached hereto as **Exhibit D**.

22. The default was not cured, and the maturity of the debt was accelerated on January 24, 2022. Notices of Acceleration of Loan Maturity were mailed to the Borrowers on January 24, 2022 via certified mail in accordance with the Loan Agreement and the Texas Property Code. True and correct copies of the Notices of Acceleration are attached hereto as **Exhibit E.**

23. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B.  ENFORCEMENT OF STATUTORY PROBATE LIEN

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

      *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

28. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant who acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the

Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

35. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Galveston County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Concurrent with Plaintiff acquiring all of Defendant's right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure.—Plaintiff seeks a declaration and judgment that the Defendant is divested of all of her right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

## H. ATTORNEYS FEES

40. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendant but only as an additional debt secured by the Security Instrument.

## I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**